1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9              FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   FLETCHER LEGARDY,                    No.  2:23-cv-1055 TLN DB PS
12                      Plaintiff,
13          v.                            ORDER
14   UNKNOWN,
15                      Defendant.
16   ─────────────────────────────

17          Plaintiff Fletcher Legardy is proceeding in this action pro se.  This matter was referred to

18   the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending

19   before the court are plaintiff's complaint and motion to proceed in forma pauperis pursuant to 28

20   U.S.C. § 1915.  (ECF Nos. 1 & 2.)  The complaint, however, fails to contain any factual

21   allegations.

22          The court is required to screen complaints brought by parties proceeding in forma

23   pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir.

24   2000) (en banc).  Here, plaintiff's complaint is deficient.  Accordingly, for the reasons stated

25   below, plaintiff's complaint will be dismissed with leave to amend.

26   **I.      Plaintiff's Application to Proceed In Forma Pauperis**

27          Plaintiff did not answer any of the questions asked on the in forma pauperis application.

28   (ECF No. 2.)  Moreover, a determination that a plaintiff qualifies financially for in forma pauperis

                                            1

1   status does not complete the inquiry required by the statute.  "'A district court may deny leave to

2   proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that

3   the action is frivolous or without merit.'"  <u>Minetti v. Port of Seattle</u>, 152 F.3d 1113, 1115 (9th

4   Cir. 1998) (quoting <u>Tripati v. First Nat. Bank & Trust</u>, 821 F.2d 1368, 1370 (9th Cir. 1987)); <u>see</u>

5   <u>also</u> <u>McGee v. Department of Child Support Services</u>, 584 Fed. Appx. 638 (9th Cir. 2014) ("the

6   district court did not abuse its discretion by denying McGee's request to proceed IFP because it

7   appears from the face of the amended complaint that McGee's action is frivolous or without

8   merit"); <u>Smart v. Heinze</u>, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court

9   to examine any application for leave to proceed in forma pauperis to determine whether the

10  proposed proceeding has merit and if it appears that the proceeding is without merit, the court is

11  bound to deny a motion seeking leave to proceed in forma pauperis.").

12       The court must dismiss an in forma pauperis case at any time if the allegation of poverty is

13  found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a

14  claim on which relief may be granted, or seeks monetary relief against an immune defendant.  <u>See</u>

15  28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or

16  in fact.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221,

17  1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous

18  where it is based on an indisputably meritless legal theory or where the factual contentions are

19  clearly baseless.  <u>Neitzke</u>, 490 U.S. at 327; 28 U.S.C. § 1915(e).

20       To state a claim on which relief may be granted, the plaintiff must allege "enough facts to

21  state a claim to relief that is plausible on its face."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544,

22  570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as

23  true the material allegations in the complaint and construes the allegations in the light most

24  favorable to the plaintiff.  <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Hosp. Bldg. Co. v.</u>

25  <u>Trustees of Rex Hosp.</u>, 425 U.S. 738, 740 (1976); <u>Love v. United States</u>, 915 F.2d 1242, 1245

26  (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

27  lawyers.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  However, the court need not accept as true

28  conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  <u>Western</u>

1   Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

2   The minimum requirements for a civil complaint in federal court are as follows:

3               A pleading which sets forth a claim for relief . . . shall contain (1) a
            short and plain statement of the grounds upon which the court's
4           jurisdiction depends . . . , (2) a short and plain statement of the claim
            showing that the pleader is entitled to relief, and (3) a demand for
5           judgment for the relief the pleader seeks.

6   Fed. R. Civ. P. 8(a).

7   **II.     Plaintiff's Complaint**

8           Plaintiff's complaint fails to contain a short and plain statement of the grounds upon

9   which the court's jurisdiction depends or a claim showing that plaintiff is entitled to relief.  In this

10  regard, no defendant is named in the complaint.  (Compl. (ECF No. 1) at 1-2.)  The complaint

11  does not identify the basis for the court's jurisdiction.  (Id. at 4.)  And the statement of the claim

12  section of the complaint consists of one paragraph of illegible handwriting.  (Id. at 5.)

13          Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

14  complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

15  state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v.

16  Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels

17  and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor

18  does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

19  enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555,

20  557).  A plaintiff must allege with at least some degree of particularity overt acts which the

21  defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

22  **II.     Leave to Amend**

23          For the reasons stated above, plaintiff's complaint must be dismissed.  The undersigned

24  has carefully considered whether plaintiff may amend the complaint to state a claim upon which

25  relief can be granted.  "Valid reasons for denying leave to amend include undue delay, bad faith,

26  prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d

27  1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau,

28  ////

3

701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, the undersigned cannot yet say that it appears beyond doubt that leave to amend would be futile. Plaintiff's complaint will therefore be dismissed, and plaintiff will be granted leave to file an amended complaint. Plaintiff is cautioned, however, that if plaintiff elects to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The amended complaint will supersede the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Any amended complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. The complaint filed June 5, 2023 (ECF No. 1) is dismissed with leave to amend.

2. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[1]  The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."

3. Within twenty-eight days from the date of this order plaintiff shall file a completed Application to Proceed in District Court Without Prepaying Fees or Costs.

4. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

DATED: September 25, 2023                              /s/ DEBORAH BARNES
                                                       UNITED STATES MAGISTRATE JUDGE

---

[1] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.